IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| In re | : | |
| | : | |
| K & L TRAILER LEASING, INC. | : | Case No. 3:20-bk-31620 |
| | : | Chapter 11 |
| Debtor | : | |

MOTION OF K & L TRAILER LEASING, INC.
FOR USE OF CASH COLLATERAL AND
REQUEST FOR PRELIMINARY EMERGENCY HEARING

---

NOTICE OF HEARING

**Notice is hereby given that:**

A hearing will be held on the **Motion of K & L Trailer Leasing, Inc. For Use of Cash Collateral And Request For Preliminary Emergency Hearing** on **July 30, 2020, at 1:30 p.m.**, in the United States Bankruptcy Courtroom, Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Knoxville, Tennessee 37902.

**Given the current public health crisis, hearings may be telephonic only. Please check the court's website www.tneb.uscourts.gov prior to the hearing for instructions on whether to appear in person or by telephone. Information on how to call in and participate is also posted on the website.**

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you do not want the Court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the Court may decide that you do not oppose the relief sought in the Motion of K & L Trailer Leasing, Inc. For Use of Cash Collateral And Request For Preliminary Emergency Hearing and may enter an order granting that relief.**

---

Pursuant to 11 U.S.C. § 363(c)(2)(B) and Rule 4001(b) of the *Federal Rules of Bankruptcy Procedure,* Gary M. Murphey, the Chapter 11 Trustee in the above Chapter 11 case (the "Trustee") requests authority to use cash collateral initially on an emergency preliminary

1

basis and, thereafter, on a permanent basis during the course of this case after appropriate notice and hearing. In support of this Motion, the Trustee respectfully represents:

## BACKGROUND

1. K & L Trailer Leasing, Inc. ("Debtor" or "K & L Leasing") filed a voluntary petition for Chapter 11 on June 29, 2020. By Order entered July 8, 2020, the Court appointed the Trustee.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. K & L Leasing leases new and used semi-trailers and repairs semi-trailers at 7828 Rutledge Pike, Knoxville, Tennessee. The Debtor has been in business since 2000 and employs 11 people.

4. The Trustee believes that K & L Leasing has secured loans from: (a) BB&T Commercial Equipment Capital Corp. ("BB&T"); (b) First Midwest Equipment Finance Co. ("First Midwest"); (c) Old Second National Bank ("Old Second") and (d) ServisFirst Bank ("ServisFirst Bank") (collectively the "Lenders"). K & L Leasing has granted security interests to the Lenders and the collateral may constitute "Cash Collateral" under 11 U.S.C. § 363(a) if the Lenders have valid and perfected prepetition liens, but only to that extent. The Lenders may be entitled to adequate protection for the use of Cash Collateral to the extent that the Lenders have valid and perfected prepetition liens, but only to that extent. Any adequate protection should be conditioned upon the proof of the prepetition valid and perfected lien.

5. Without the use of Cash Collateral, K & L Leasing will be unable to pay monthly operating expenses to the detriment of creditors, including the Lenders. Cash Collateral is subject to use by the Debtor pursuant to 11 U.S.C. § 363. Without the use of Cash Collateral, the

value of the business will deteriorate to the detriment of the Lenders and the estate generally. The value of K & L Leasing's business depends substantially on continued operations.

6. By Order entered 7/1/2020 (the "Cash Collateral Order"), the Court granted the Debtor authorization to use Cash Collateral.

7. Since his appointment as a Chapter 11 trustee, the Trustee has been exploring all options regarding a reorganization in this Debtor and a going concern sale. Regardless of the course of action, the Trustee is convinced that the continuation of the operations of the Debtor is in the best interest of all creditors, including the Lenders. As adequate protection for the continued use of Cash Collateral at least until October 2, 2020, the Trustee proposes to continue the terms under the Cash Collateral Order and grant replacement liens in postpetition inventory and other assets to the Lenders to the same extent and in the same priority as held in prepetition inventory and other assets, but only to the extent and in the amount as the Debtor's actual use of prepetition Cash Collateral.

## PROCEDURE

8. Notice of this Motion has been given to: (i) the United States Trustee for the Eastern District of Tennessee, (ii) all parties requesting notice, (iii) counsel for all secured creditors in this case, (iv) the 20 largest unsecured creditors that are known to the Trustee, and (v) the U.S. Attorney. In light of the emergency and preliminary nature of the relief requested, the Trustee submits that no other or further notice of the emergency preliminary hearing need be given.

9. Pursuant to Bankruptcy Rule of Procedure 4001(b), the Trustee requests a preliminary hearing to approve interim use of Cash Collateral as reflected in the Budget attached

as Exhibit A to the proposed Interim Order, pending a final hearing in order to avoid immediate and irreparable harm. The Budget does not include payments of approximately $136,000 per month to insiders. In the past, Leasing leased trailers from Kris Fellhoelter and other Fellhoelter family members. These trailers may have been leased to third-parties resulting in profit to Leasing. The Trustee is currently analyzing these transactions. K & L Leasing will not be able to continue operations unless allowed to use Cash Collateral to pay payroll, utilities, and perform maintenance and to pay other current operating expenses.

WHEREFORE, K & L Leasing requests:

(1)  That this Motion be heard on an expedited basis.

(2)  That upon such hearing this Court grant the use of Cash Collateral to the extent of the ordinary operating expenses described in the Budget until a final hearing; and

(3)  That after a final hearing upon notice, this Court grant continued use of Cash Collateral pending the resolution of this case.

Respectfully Submitted:

/s/ William L. Norton, III
William L. Norton, III (#10075)
Austin L. McMullen (#20877)
BRADLEY ARANT BOULT CUMMINGS PLLC
1600 Division St., Suite 700
Nashville, TN  37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@bradley.com
amcmullen@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, a copy of the foregoing Motion and Proposed Order was served upon the following by electronic mail and/or ECF.

Also a notice of the foregoing Application and a copy of the Proposed Order has been served upon the persons listed on the matrix by placing a copy thereof, first class postage prepaid.

/s/ *William L. Norton III*
William L. Norton III